a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GULNAZAR NURAETOV,                          CIVIL DOCKET NO. 1:25-CV-01740
Petitioner                                                              SEC P

VERSUS                                               JUDGE TERRY A. DOUGHTY

PAMELA BONDI ET AL,                      MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Gulnazar Nuraetov ("Nuraetov"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. Nuraetov seeks release from detention because there is no significant likelihood of his removal in the reasonably foreseeable future.

Because Nuraetov is entitled to relief, the Petition should be GRANTED.

I.      Background

Nuraetov alleges that he is a native of Tajikistan and dual citizen of Tajikistan and Russia.  ECF No. 1 at 3.  He applied for admission to the United States at the Hidalgo, Texas Port of Entry on October 18, 2023.  ECF No. 5-1.  Nuraetov was found to be inadmissible, but was released on an Order of Supervision ("OSUP").  He was ordered to appear for removal proceedings on February 3, 2027.  *Id.*

On July 30, 2024, Nuraetov was redetained for failing to inform ICE of his updated address.  ECF No. 1 at 3.  He has been detained ever since—591 days, or for

1

one year and seven months. On June 9, 2025, an immigration judge ordered that Nuraetov be removed to Russia, but granted withholding of removal. ECF No. 1; 5-3. The removal order became final 30 days later, on July 9, 2025. Since that time, ICE has been unable to effectuate Nuraetov's removal from the United States.

## II.   Law and Analysis

The Court has jurisdiction to consider Abdalla's challenge to his continued post-removal order detention. See Nguyen v. Noem, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."). After a detainee is ordered removed, the Government has 90 days within which to effectuate the removal. See 8 U.S.C. § 1231(a)(1)(A).

However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. See Zadvydas, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." Id. However, if the detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release him." Id.; see also 8 CFR § 241.13 (setting forth the Zadvydas procedures).

The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. See Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006). The detainee's claim must be supported by more than mere "speculation and conjecture." Idowu v. Ridge, No. 03-cv-1293, 2003 WL

21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Nuraetov has been detained beyond the presumptively reasonable period; the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025). "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

Nuraetov has also established that that there is no significant likelihood of his removal in the foreseeable future. He identifies a specific barrier to his repatriation: withholding of removal to Russia, the only country to which he has been ordered removed. *See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025); *Trejo v. Warden of ERO El Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025); *Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, *1 (S.D. Tex. Aug. 15, 2025).

The burden has therefore shifted to the Government to establish that removal is likely in the reasonably foreseeable future. The Government provides no evidence to rebut Nuraetov's claim. It has not carried that burden. The Response only contains an unsupported assertion that Enforcement and Removal Operations ("ERO") is "currently seeking to remove Petitioner to a third country." ECF No. 5 at 2. There is no affidavit, declaration, other evidence that a third country has been identified, contacted, or is considering a request from the Government to accept this petitioner

3

and issue travel documents for his removal. On this record, his continued detention is wholly unacceptable.

"A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention for nearly two years while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, Nuraetov has plainly provided good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

## III. Conclusion

Because there is no substantial likelihood of Nuraetov's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Nuraetov be released.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 13, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5